David B. Sandelands, No. 198,252
dsandelands@cislo.com
CISLO & THOMAS LLP
12100 Wilshire Blvd., Suite 1700
Los Angeles, California 90025
Telephone: (310) 979-9190
Telefax: (310) 394-4477

Attorneys for Plaintiff
THE SECURECASE CO.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE SECURECASE CO., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FRANZEN NORTH AMERICA, INC., a Canadian corporation; and DOES 1-9, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br><br>**(2) FALSE DESIGNATION OF ORIGIN; AND**<br><br>**(3) STATE LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Securecase Co. ("Securecase") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement under federal and state law against Defendant Franzen North America, Inc. ("Franzen N.A."). Plaintiff Securecase seeks money damages and injunctive relief, as well as attorneys' fees and costs of suit against Franzen N.A. for its continued unauthorized use of Securecase's federally registered trademarks.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and pursuant to 15 U.S.C. §§ 1114(1) and 1125, as the trademark claims arise under the Federal Trademark Act ("The Lanham Act") of July 5, 1946, as amended, 15 U.S.C. §§ 1051 *et seq*. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

3. Defendant Franzen N.A. is subject to personal jurisdiction in this judicial district because Defendant routinely conducts business in this district and has committed acts of infringement in this district.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), as Defendant Franzen N.A. is subject to personal jurisdiction in this district.

## THE PARTIES

5. Plaintiff Securecase is a corporation organized and existing under the laws of the State of California, having its principal place of business in Los Angeles, California.

2

6. Plaintiff Securecase is informed and believes and thereon alleges that Defendant Franzen N.A. is a Canadian corporation, having its headquarters and principal place of business located in Kitchener, Ontario, Canada.

7. Securecase is the owner of U.S. Trademark Registration No. 1769305 for ARMLOC and U.S. Trademark Registration No. 3607804 for the configuration of a gun storage case (collectively, the "ARMLOC marks"). Plaintiff is also the owner of EU Trademark Registration No. 011430527 and UK Trademark Registration No. UK00911440527, both for ARMLOC.

8. Upon information and belief, Defendant Franzen N.A. is distributing and selling security cases in this judicial district and throughout the United States under Plaintiff's federally registered ARMLOC marks.

9. The defendants named herein as Does 1 through 9, inclusive are unknown to Plaintiff Securecase, who therefore sues such "Doe" defendants by such fictitious names. Securecase is informed, believes and thereon alleges that each fictitiously named "Doe" defendant is in some manner, means or degree responsible for the events and happenings herein alleged. Securecase will amend this complaint to assert the true names and capacities of the fictitiously designated "Doe" defendants when the same have been ascertained.

10. Plaintiff Securecase is informed and believes and thereon alleges that Defendant Franzen N.A. and Does 1 through 9 advertise, sell, distribute or manufacture products bearing trademarks the same as, or confusingly similar to Securecase's ARMLOC marks in violation of state and federal trademark laws.

11. Plaintiff Securecase is informed and believes, and thereon alleges, that in performing the abovementioned acts Defendant Franzen N.A., and Does 1 through 9, inclusive, and each of them, were the actual, implied or ostensible agents, servants, employees, partners, joint venturers, alter egos and/or co-conspirators of one another, and were at all relevant times described herein acting on behalf of one another within the course and scope of such agency, servitude, employment, partnership, joint venture, alter ego relationship and/or conspiracy. Securecase is further informed and believes, and thereon alleges, that each defendant, whether expressly or fictitiously named, committed the acts or omissions described herein with the full knowledge, consent, authority and/or ratification of some or all of the other defendants.

## FACTS COMMON TO ALL CLAIMS

12. Plaintiff's federally registered ARMLOC marks were first used in commerce on November 23, 1992. In the more than three (3) decades since that time, the ARMLOC marks have acquired substantial goodwill among firearms owners and law enforcement agencies. Security cases bearing the marks have been used in various movies and have been extensively distributed throughout the world.

### The 1997 Agreement With Franzen Security

13. In 1997, Plaintiff Securecase entered into a license agreement (hereinafter the "1997 Agreement") (Exhibit A hereto) with Franzen Security Products, Inc. ("Franzen Security"), a New Jersey Corporation.

14. Pursuant to the agreement, Securecase sold its tangible assets to Franzen Security for the sum of $100,000. Securecase's tangible assets included inventory, tooling, parts, supplies and furniture. Securecase further allowed

4

Franzen Security to occupy a leased facility in Simi Valley, California, where Franzen Security manufactured ARMLOC branded security case products.

15. Pursuant to the 1997 Agreement, Securecase retained ownership of the Securecase Intellectual Property which included the ARMLOC marks, but agreed to exclusively license the rights to intellectual property to Franzen Security. In return, Franzen Security agreed to pay Securecase a royalty of 5% of all sales incorporating any of the Securecase Intellectual Property, with the exception that the royalty would be reduced to 2% for trigger locks or any new products. In no event were royalties to be less than $650 month regardless of actual sales.

16. For 24 years from 1997 to 2020, Franzen Security paid royalties pursuant to the 1997 Agreement. Then, in 2021, royalty payments from Franzen Security suddenly stopped. Though royalty payments ceased, ARMLOC branded security cases continued to be sold throughout the United States and abroad.

17. After efforts to contact Franzen Security failed, Plaintiff contacted Defendant Franzen N.A. Defendant claimed that Franzen Security had dissolved. Defendant admitted however, that it had continued the manufacture, distribution and sales of security cases under Plaintiff's ARMLOC marks.

18. Defendant Franzen N.A. provided Plaintiff with information indicating that Defendant's sales of ARMLOC branded security cases had increased five-fold from 2021 to 2022 and had increased substantially again from 2022 to 2023.

19. Defendant Franzen N.A. claimed it had no knowledge of the 1997 Agreement and refused to pay the royalties due from 2021 through 2024 year-to-date under the agreement.

20. In a letter dated July 18, 2024, Defendant Franzen N.A. refused to state whether it was a successor-in-interest to Franzen Security. Defendant did state however, that if it was a successor-in-interest, then it "hereby provides one (1) year notice of termination of the Agreement."

21. If discovery reveals that Defendant Franzen N.A. is the successor entity to Franzen Security and assumed all of Franzen Security's obligations, Plaintiff will amend this complaint to assert a claim for breach of contract against Defendant.

22. Pursuant to paragraph J of the 1997 Agreement, it is binding upon the signatories' successors.

23. Paragraph H of the 1997 Agreement requires that all disputes arising under the agreement be resolved in the federal or state courts in Los Angeles, California.

## DEFENDANT'S BAD ACTS

24. Upon information and belief, in 2021, Defendant Franzen N.A. took over the business of Franzen Security and continued to manufacture the ARMLOC branded security cases formerly manufactured by Franzen Security under license from Securecase.

25. In so doing, Defendant Franzen N.A. infringed and continues to infringe upon Plaintiff's ARMLOC marks.

26. Upon information and belief, at all times, Defendant Franzen N.A. either knew or should have known that it did not own the ARMLOC marks. A simple due diligence search of the free and online trademark database maintained by the U.S. Trademark office would have revealed that Securecase owned the ARMLOC marks.

27. Because Defendant Franzen N.A. either knew or was willfully blind in failing to investigate who owned the ARMLOC marks, Defendant's infringement is willful.

**INJURY TO PLAINTIFF SECURECASE**

28. Defendant Franzen N.A. is not a licensee of Plaintiff Securecase's ARMLOC marks. Nor is Franzen in other way affiliated or associated with Securecase or authorized to use the ARMLOC marks.

29. Plaintiff Securecase has no control over the nature and quality of the security cases sold by Defendant Franzen N.A. using marks the same as, or confusing similar to, the ARMLOC marks. Likewise, Securecase has no control over the quality of customer service offered by Defendant, and further has no control over the warranty, if any, offered by Defendant in connection with the products it sells using Plaintiff's ARMLOC marks. Similarly, Plaintiff has no control over whether Defendant honors the warranty offered by its predecessor, Franzen Security, to customers of Franzen Security's licensed security cases. Plaintiff Securecase's business goodwill with respect to the ARMLOC marks has suffered as a result of Defendant's actions and is presently at the mercy of

Defendant.

30. Securecase has developed its goodwill among consumers of security case products over a period in excess of 30 years by supplying high quality, innovative, and popular security cases. Defendant Franzen N.A. with its unlicensed ARMLOC branded security cases is now free riding in the security case market on the back of Securecase's hard-earned goodwill and is irreparably damaging that goodwill in the process.

31. Defendant Franzen N.A.'s wrongful, unauthorized use of Securecase's ARMLOC marks, if permitted to continue, will irreparably harm Securecase, its marks, reputation, and business goodwill. Defendant's wrongful use of the ARMLOC marks dilutes the strength of the marks and tarnishes the image and reputation of Securecase among consumers of security case products.

## FIRST CAUSE OF ACTION
### (For Federal Trademark Infringement)

32. Plaintiff Securecase realleges and incorporates paragraphs 1 through 31 as though fully set forth herein.

33. Securecase owns the ARMLOC marks, i.e. U.S. Trademark Registration No. 1769305 for ARMLOC and U.S. Trademark Registration No. 3607804 for the configuration of a gun storage case. These marks are inherently distinctive, have acquired secondary meaning, and are now incontestable. The relevant consuming public of security case products associates these marks exclusively with Securecase's products.

34. Defendant Franzen N.A.'s unauthorized use of the marks, or

8

colorable imitations thereof, or confusingly similar marks, to promote and sell security case products is likely to cause confusion and mistake and to deceive consumers into believing that Defendant's products are made under license from Securecase.

35. The acts of Defendant Franzen N.A. as described above infringe Plaintiff's federally registered ARMLOC marks, with consequent damage to Securecase's business reputation and to the goodwill symbolized by the marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Defendant Franzen N.A.'s willful acts of trademark infringement are likely to cause, and upon information and belief have caused and are causing, great and irreparable injury to Plaintiff Securecase and its ARMLOC marks and to the business goodwill represented thereby. Unless Defendant Franzen N.A. is restrained, Securecase will have no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue.

37. As a direct result of Defendant Franzen N.A.'s willful conduct, Plaintiff Securecase has suffered injury to its reputation and business goodwill. Consequently, Securecase seeks injunctive relief, an award of money damages for past infringement, and its attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
**(For False Designation Of Origin And False Representation)**

38. Plaintiff Securecase realleges and incorporates paragraphs 1 through 37 as though fully set forth herein.

9

39. Plaintiff Securecase has used or has licensed the use of the ARMLOC marks, in this judicial district, as well as throughout the United States and the world in connection with the sale of security case products as specified in the mark's registrations. Securecase's ARMLOC trademarks are distinctive and distinguish its security case products from those of its competitors.

40. The ARMLOC marks are strong in light of the substantial marketing and promotion of Securecase's products over more than thirty (30) years, the sales volume of the products and their widespread recognition among the relevant consuming public.

41. Plaintiff Securecase is informed and believes and thereon alleges that at the time Defendant Franzen N.A. took over production of ARMLOC branded security case products from Franzen Security, Defendant knew that Securecase owned the ARMLOC marks.

42. Securecase is informed and believes that despite knowing that Securecase owned the ARMLOC marks, Defendant Franzen N.A. nonetheless misappropriated Securecase's marks in a deliberate, intentional, and willful effort to trade on Securecase's business goodwill.

43. Defendant Franzen N.A.'s unauthorized use of Securecase's marks, or colorable imitations thereof, or confusingly similar marks, is likely to cause consumers to mistakenly believe that Defendant is licensed by or has an affiliation with Securecase or that Defendant's security case products and marketing activities are sponsored or approved by Securecase or that Defendant is otherwise associated with Securecase, and upon information and belief Defendant's activities have caused actual consumer deception in the marketplace.

44. By using Securecase's ARMLOC marks, or colorable imitations thereof, or confusingly similar marks in promoting its security case products Defendant Franzen N.A. has made and is making false, deceptive, and misleading statements constituting false representations made in connection with products sold in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendant Franzen N.A.'s willful acts of unfair competition are likely to cause, and upon information and belief have caused and are causing, great and irreparable injury to Plaintiff Securecase and it's ARMLOC marks and to the business reputation and goodwill represented thereby. Unless Defendant is restrained, Securecase will have no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts of deception are allowed to continue.

46. As a direct result of Defendant Franzen N.A.'s willful conduct, Plaintiff Securecase has suffered injury to its reputation and business goodwill. Consequently, Securecase seeks injunctive relief, an award of money damages for past infringement, and its attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION
**(For Common Law Trademark Infringement and Unfair Competition Under California's Cal. Bus. & Prof. Code §§ 17200 and 17203)**

47. Plaintiff Securecase realleges and incorporates paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff Securecase owns and licenses the use of its ARMLOC marks in California and throughout the United States. As such, Securecase enjoys common law rights in the marks in California and throughout the United States in connection with all of the goods and services marketed under the marks.

49. Defendant Franzen N.A.'s use of Plaintiff Securecase's marks in commerce in connection with the sale of security case products is intentionally designed to cause confusion regarding the source of Defendant's products and/or whether an affiliation exists between Defendant and Securecase.

50. Defendant Franzen N.A.'s acts constitute common law trademark infringement and unfair competition in violation of California Business and Professions Code §§ 17200 and 17203.

51. Plaintiff Securecase is informed and believes that the acts of unfair competition undertaken by Defendant Franzen N.A. were intentionally and knowingly undertaken with the express intent of trading on the goodwill associated with Securecase's ARMLOC marks and were done with a willful disregard for the rights of Securecase.

52. As a direct result of Defendant Franzen N.A.'s acts of unfair competition, Plaintiff Securecase has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition.

53. In doing the acts alleged, Defendant Franzen N.A. acted willfully, fraudulently, oppressively, and maliciously, and, as such, Plaintiff Securecase is entitled to an injunction against further trademark infringement by Defendant, as

well as an award of money damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Securecase prays that this court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to the following:

A.　A preliminary and permanent injunction enjoining Defendant Franzen N.A. and Does 1-9, and each of them, their respective officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them:

1.　From using of U.S. Trademark Registrations Nos. 1769305 and 3607804; colorable imitations thereof, or marks confusingly similar thereto, or likely to cause dilution of the distinctiveness of the above-referenced marks, or injury to Plaintiff Securecase's reputation;

2.　From representing by any means whatsoever, directly or indirectly, that Defendant Franzen N.A. is a licensee of Plaintiff Securecase, or any products offered by Defendant, are made under license from Plaintiff or are associated in any way with Plaintiff, and from otherwise taking any action likely to cause confusion, mistake, or deception on the part of consumers; and

3.　From taking any action likely to cause confusion or mistake in the mind of the public or to otherwise cause consumers to believe that Defendant Franzen N.A. is somehow licensed by, sponsored by, underwritten, owned, or

13

affiliated with Plaintiff Securecase, and from otherwise misappropriating the hard-earned goodwill that rightfully belongs to Plaintiff.

B. For an award of money damages to compensate for Defendant Franzen N.A.'s past infringement.

C. For an award of exemplary damages for Defendant Franzen N.A.'s willful and intentional acts.

D. For Plaintiff Securecase's attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117(a).

E. For such other relief as the Court may deem just and proper.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: July 31, 2024        By:    /s/David B. Sandelands
                                   David B. Sandelands, Esq.

                                   Attorneys for Plaintiff
                                   Securecase Productions, Inc.

14

## DEMAND FOR JURY TRIAL

Plaintiff Securecase, Inc. hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure and the Local Rules of this Court.

Respectfully submitted,

CISLO & THOMAS LLP

Dated: July 31, 2024

/s/David B. Sandelands
David B. Sandelands, Esq.

Attorneys for Plaintiff
Securecase Productions, Inc.

2